Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/08/2024
CT Log Number 545934842

## Service of Process Transmittal Summary

**TO:** Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:** **Process Served in Georgia**

**FOR:** Costco Wholesale Corporation (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BRIAN BROUGHER // To: Costco Wholesale Corporation |
| **CASE #:** | 24SC0414B |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/08/2024 at 14:18 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/08/2024, Expected Purge Date: 03/23/2024<br>Image SOP<br>Email Notification, Laura Aznavoorian laura_aznavoorian@gbtpa.com<br>Email Notification, Maureen Papier maureen_papier@gbtpa.com<br>Email Notification, Derek Snead dsnead@costco.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Mar 8, 2024
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | COSTCO WHOLESALE CORPORATION |
| Case Number | 24SC-0414-B |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 24SC-0414-B

Date Filed 2/26/2024

Attorney's Address

Jeffrey Yashinsky/ John Foy & Associates
3343 Peachtree Road, NE Suite 350
Atlanta, GA 30326

Name and Address of Party to Served

Costco Wholesale Corporation
R/A The Corporation Company (FL)
106 Colony Park Drive, Suite 800-B
Cumming, GA 30040

Superior Court ☐ Magistrate Court ☐
State Court ☑ Probate Court ☐
Juvenile Court ☐

Georgia, Forsyth COUNTY

BRIAN BROUGHER

Plaintiff

VS.

COSTCO WHOLESALE CORPORATION

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant ______ by leaving a copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of ______ described as follows: age, about ______ years; weight ______ pounds; height ______ feet and ______ inches, domiciled at the residence of defendant.

**CORPORATION**

☑ Served the defendant The corporation company a corporation by leaving a copy of the within action and summons with Dayvon. Jackson In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant ______ not to be found in the jurisdiction of this Court.

This 8 day of March, 2024.

M. Shitler 2168

DEPUTY

**CLERK'S COPY**

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/26/2024 12:47 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-0414-B
McClelland, T. Russell, III

SUMMONS SC-85-1

IN THE SUPERIOR/STATE COURT OF FORSYTH COUNTY

STATE OF GEORGIA

BRIAN BROUGHER

PLAINTIFF

CIVIL ACTION NUMBER

VS.

COSTCO WHOLESALE CORPORATION

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

JEFFREY YASHINSKY
JOHN FOY & ASSOCIATES
3343 PEACHTREE RD, NE, SUITE 350
ATLANTA, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 26th day of February, 20 24.

Clerk of Superior/State Court

BY /s/ Richard Blackwell

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/26/2024 12:47 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-0414-B
McClelland, T. Russell, III

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **BRIAN BROUGHER,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION FILE NO.** |
| **vs.** | * | ______________ |
| **COSTCO WHOLESALE CORPORATION,** | * | |
| | * | |
| **Defendant.** | | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY**

COMES NOW, Plaintiff, Brian Brougher, and files this Complaint against Defendant, Costco Wholesale Corporation, as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff, Brian Brougher, resides at 4430 Canebridge Lane, Cumming, Georgia, 30040, and is subject to the jurisdiction and venue of this court.

2.

Defendant, COSTCO WHOLESALE CORPORATION, is a foreign corporation licensed and registered to conduct business pursuant to the laws of Georgia with its principal place of business in Seattle, Washington, and may be served through its registered agent, The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040, Forsyth County, and is subject to the jurisdiction of this court.

3.

The incident giving rise to this Complaint occurred at Defendant's store located at 1211 Bald Ridge Marina Road, Cumming, Georgia, 30041.

4.

Jurisdiction and venue are properly before this court.

**BACKGROUND**

5.

At all times relevant hereto, Defendant had exclusive ownership, possession and control of the Costco Wholesale store (hereinafter "Defendant's store), a members-only warehouse big box retail business, located at 1211 Bald Ridge Marina Road, Cumming, Georgia, 30041.

6.

On May 30, 2023, at approximately 6:30 p.m., Plaintiff, and his wife, entered Defendant's store with the intention of purchasing some items, including a 36-inch Blackstone Griddle ("Griddle").

7.

After locating the item in Defendant's warehouse, where the boxes containing the Griddles were stacked on top of each other, and because the item weighed approximately 160 lbs., Plaintiff approached one of Defendant's employees and asked for assistance in moving the item from the stack and onto the pallet he and his wife were using while they shopped.

8.

After Plaintiff asked if he could get some assistance, Defendant's employee from the self-checkout area told Plaintiff he could help, and without speaking to any other employees, began walking to the stack of boxes and instructing Plaintiff to hold one end of the box while he lifted the other side so the box could be lowered onto the pallet.

9.

The boxes containing the Griddles were stacked about chest high and Defendant's employee reached for the top box. After telling Plaintiff to hold the opposite side, Defendant's employee began sliding the other end of the box off the top of the stack, in an apparent attempt to get a grip before lowering the item onto the pallet. Without warning, Defendant's employee slid the box further than he intended and, due to its weight, he was unable to hold it and let it fall to the ground while Plaintiff was holding the other end. When the employee dropped the box, the weight and energy of the force transferred to Plaintiff, causing Mr. Brougher's left bicep to tear. When Plaintiff felt the muscle in his arm snap and recoil, the pain was immediate, and he dropped his side of the box which crashed to the ground and landed on his foot. After the incident, Defendant's employee acknowledged he moved the box too far and seemingly apologized as he walked away while Plaintiff was in pain.

10.

Defendant's employee knew or should have known that there were procedures for assisting customers with heavy items, protocols for lifting and transferring heavy items and/or that Defendant had employees specifically designated and trained to provide such assistance, but failed to follow proper safety procedures, protocols and/or measures or seek assistance from an employee qualified to assist customers with large items.

11.

Upon information and belief, the employee failed to follow proper safety procedures and/or was not trained or qualified to help lift heavy items for customers needing assistance, failed to disclose his inexperience, lack of training and failed to request assistance from another Costco employee.

12.

Defendant, by and through its employee, who was acting in the course and scope of his employment with Defendant, had superior knowledge of the danger posed by improperly lifting and/or assisting customers with heavy items, but failed to act with reasonable care despite the hazardous condition created by the employee and/or Defendant.

13.

Defendant knew and/or should have known that stacking items of significant weight posed a risk of injury to its customers but failed to exercise reasonable care by failing to warn its customers of the of the danger and/or failing to provide reasonable safety measures for its customers to lift or transfer heavy sale items displayed for purchase.

14.

At all times material hereto, Defendant had a duty to maintain its store in a reasonable and safe manner and to exercise ordinary care in keeping its premises safe.

15.

At all times relevant hereto, Plaintiff was a customer and an invitee of the Defendant's business and was acting with reasonable care for his own safety while shopping at Defendant's store.

16.

At all times relevant hereto, Plaintiff was exercising reasonable care for his own safety and was unaware that Defendant's employee who caused his injury was not following proper safety practices, was not trained to assist customers with heavy items, or that Defendant's employee would cause him to suffer an injury.

17.

As the result of the Defendant and/or Defendant's employee's negligence, Plaintiff suffered bodily injuries which forced him to seek medical treatment, incur medical expenses, undergo surgery and experience significant pain and suffering and ongoing symptoms.

**COUNT 1**
**PREMISES LIABILITY**

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Plaintiff was an invitee at the Defendant's store at the time of his injury.

20.

Defendant owed a nondelegable duty of reasonable care to keep its premises safe for invitees such as Plaintiff.

21.

Defendant was negligent in creating the hazardous condition that caused Plaintiff's injury, by stacking heavy items on top of each other at an unsafe height, by failing to provide qualified and properly trained assistance to lift and transfer a heavy item, for its employee negligently dropping an item while Plaintiff was holding on to the other end, and for not providing a safe method for customers to place the heavy item onto a pallet so it could be purchased, all of which resulted in a foreseeable injury, such as the one suffered by Plaintiff.

22.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

**COUNT 2**
**VICARIOUS LIABILITY**

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

At all times relevant to this action, the individual responsible for attempting to assist Plaintiff was one of Defendant's employees and he was acting in the course and scope of his employment when he caused Plaintiff's injury.

25.

Defendant is responsible for the conduct of its employees and agents under the doctrines of *respondeat superior*, agency or apparent agency.

**COUNT 3**
**NEGLIGENT HIRING, TRAINING & SUPERVISION**

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

27.

Defendant owed a duty of reasonable care to train, supervise and/or hire employees to follow appropriate safety measures, practices, policies and procedures in connection with assisting customers with moving heavy items in a safe manner, and to not create a dangerous or hazardous condition that would lead to injuring Defendant's invitees.

28.

Defendant was negligent in hiring, training and supervising its employees.

29.

As a result of defendant's failure to exercise reasonable care in hiring, training and/or supervising its employees, Plaintiff was injured at Defendant's store.

**COUNT 4**
**RES IPSA LOQUITER**

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

The injury suffered by Plaintiff would not have occurred except for Defendant's and/or Defendant's employee's negligent actions and Defendant's failure to exercise reasonable care.

32.

Defendant and/or Defendant employee's negligence speaks for itself.

**COUNT 5**
**STUBBORN LITIGOUSNESS**

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

Without a bona fide dispute as to negligence, to the extent Defendant denies liability for causing Plaintiff's injury, Plaintiff asserts a claim for attorney fees for stubborn litigiousness pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for a trial on all issues and judgment against Defendant as follows:

(a) Plaintiff recover all special damages, including the full value of past and future medical expenses in an amount to be proven at trial;

(b) Plaintiff recover all general damages, including any and all physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) Plaintiff be awarded attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial pursuant to all applicable Georgia legal authority, including but not limited to O.C.G.A. § 13-6-11.

(d) That Plaintiff recover such other and further relief as is just and proper.

(e) That all issues be tried before a jury.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted this 26th day of February 2024.

**FOY & ASSOCIATES, P.C.**

*/s/ Jeffrey Yashinsky*
Jeffrey P. Yashinsky
Georgia Bar No. 780370
*Attorney for Plaintiff*

3343 Peachtree Road, N.E.
Suite 350
Atlanta, Georgia 30326
(404) 875-6093 telephone
(404) 445-3146 facsimile
jyashinsky@johnfoy.com